**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Gary F. Lowry, et al., | No. CV-17-08175-PCT-GMS |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| JPMorgan Bank and Trust Company NA, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 14). The Court grants the motion.

## BACKGROUND

Defendants JPMorgan Chase, U.S. Bank, and Quality Loan Service Corporation recorded a notice of trustee's sale of Plaintiffs Gary Lowry's and Marian Carol's property in Cottonwood, Arizona on September 9, 2016. (Doc. 1 at 4, ¶ 3). Mr. Lowry requested temporary injunctive relief from the sale on November 14, 2016, which was denied on December 12, 2016. *Lowry v. EMC Mortgage Corp, et al.,* No. CV-11-8177-PCT-JAT, Docs. 78, 84. Mr. Lowry requested an emergency temporary restraining order on December 9, 2016, which was denied on December 15, 2016. *Lowry v. Chase*, No. CV-16-8279-PCT-GMS, Doc. 16. Defendants foreclosed on the property on February 27, 2017. (Doc. 1 at 4, ¶ 3).

Plaintiffs filed the present lawsuit on September 1, 2017. (Doc. 1). It alleges five causes of action: (1) wrongful foreclosure, (2) breach of contract and breach of duty of

good faith and fair dealing, (3) violation of consumer protection act, (4) promissory estoppel, and (5) infliction of emotional distress. (Doc. 1).

The parties do not contest that A.R.S. § 33-811 (C) states that "[t]he trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting [a preliminary injunction or temporary restraining order] . . . ." The complaint alleges that the Plaintiffs changed addresses and the Defendants did not strictly comply with A.R.S. § 33-809 by properly notifying the foreclosure to the updated address. (Doc. 1 at 5, ¶ 7). However, as evidenced in their requests for injunctive relief and a temporary restraining order, plaintiffs had actual notice and presented defenses and objections to the sale. Therefore, the legal question before the Court is whether actual notice of a foreclosure sale is sufficient for a trustor to waive any defenses and objections after the conclusion of the foreclosure pursuant to A.R.S. § 33-811.

**DISCUSSION**

**I.    Legal Standard**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. When analyzing a complaint for failure to

state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

As noted, "the trustor, its successors, and all persons to whom the trustee mails a notice of a sale . . . pursuant to § 33-809" waives all defenses and objections to the sale not raised in a motion for injunctive relief. A.R.S. § 33-811(C). The Arizona Supreme Court has held that this statute clarifies that "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Arizona*, 229 Ariz. 299, 301 (2012) (en banc).

An Arizona court explained that "[c]ompliance with § 33-809 is only required to apply the waiver provision to other persons who must be given notice" and "[t]he plain language of § 33-811(C) does not require the trustee to comply with the mailing requirements of § 33-809 for the waiver provision to apply later to the trustor." *Madison v. Groeth*, 230 Ariz. 8, 12 (App. 2012). The Arizona appellate court recognized that under some circumstances, "§ 33-811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustuee's sale to obtain an injunction of the sale," but when the trustor had "received notice sufficient to obtain a preliminary injunction," the trustor waives any defenses and objections not raised in a motion for injunctive relief. *Id.* Notwithstanding the trustor's claim that the trustee did not properly notice the foreclosure, using this rule, the appellate court upheld the dismissal of tort claims because the trustor had received adequate notice to request a preliminary injunction, filed a lawsuit approximately one month prior to the sale, and attended the foreclosure sale. *Id.* at 12–13.

Mr. Lowry and Ms. Carol had sufficient notice to present defenses and objections and obtain injunctive relief against the foreclosure. Mr. Lowry and Ms. Carol filed multiple requests for injunctive relief, and they noted in one of those motions that they had notice of the foreclosure as early as February 18, 2015. *Lowry v. EMC Mortgage Corp, et al.,* No. CV-11-8177-PCT-JAT, Doc. 51 at 2; *Lowry v. Chase*, No. CV-16-8279-PCT-GMS. In review of those decisions, neither the Plaintiffs nor the Court suggested that Mr. Lowry and Ms. Carol had not received proper notice and were consequently inhibited from presenting potential defenses and objections in their requests for injunctive relief. Mr. Lowry and Ms. Carol admitted in their Response that they knew about the pending foreclosure. (Doc. 26 at 5).

Each of Plaintiffs' claims arises from the foreclosure. (Doc. 1). Because Arizona requires litigants to present defenses and objections to a trustee sale in a motion for injunctive relief, and because Mr. Lowry and Ms. Carol had sufficient notice of the trustee sale to obtain injunctive relief, the Court grants Defendants' Motion to Dismiss.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (Doc. 14), is **GRANTED**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 9th day of April, 2018.

_____
Honorable G. Murray Snow
United States District Judge